```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
_____
                           :
Darnell Stewart            :
                           :    Civ. Action No. 18-17197 (NLH)
          Petitioner,      :
                           :
     v.                    :         OPINION
                           :
Attorney General of the    :
State of New Jersey, et al.,:
                           :
                           :
          Respondents.     :
_____:
```

APPEARANCES:

Darnell Stewart
567134/136118C
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

    Petitioner pro se

Mary Eva Colalillo, Camden County Prosecutor
Kevin Jay Hein, Assistant Prosecutor
Camden County Prosecutor's Office
200 Federal Street
Camden, NJ 08103

    Attorneys for Respondent

HILLMAN, District Judge

    Petitioner is a state prisoner currently incarcerated at New Jersey State Prison. He is proceeding with a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss the petition as

untimely. For the reasons set forth below, the Court will deny the Respondent's motion to dismiss.

## I. BACKGROUND

On December 14, 2006, the Superior Court of New Jersey, Camden County sentenced Petitioner to a term of sixty years imprisonment with 85% parole ineligibility, totaling fifty-one years without parole for sexual assault and related charges. State v. Stewart, No. A-2745-06T4, 2009 WL 1139116, at *1 (N.J. Super. Ct. App. Div. Apr. 29, 2009). Petitioner filed a Notice of Appeal with the New Jersey Superior Court, Appellate Division on January 18, 2007, and the Appellate Division affirmed the trial court's decision on April 29, 2009 but remanded for resentencing. Id. On November 12, 2009, Petitioner was resentenced to a term of sixty years imprisonment without the eligibility of parole. ECF No. 7-10, at 1.

Petitioner filed for a petition of certification from the Supreme Court of New Jersey on June 10, 2009, which was denied by the Court on October 14, 2009. ECF No. 7-9, at 1. Petitioner did not seek certiorari from the United States Supreme Court. Id. at 5.

Petitioner filed his first petition for post-conviction relief ("PCR") on January 27, 2010. ECF No. 7-1, at 7. Petitioner then filed a pro se amended petition for PCR with the

2

New Jersey Superior Court on November 9, 2010, which the court denied on May 9, 2011. ECF Nos. 7-12, 7-13. On January 5, 2012, Petitioner filed an untimely notice of appeal from the denial of his PCR petitioner with the New Jersey Appellate Division. ECF No. 7-1, at 7. On June 10, 2014, the Appellate Division reversed the PCR court's denial of Petitioner's PCR and remanded for a new PCR hearing. ECF No. 7-15 at 21. On April 29, 2015 the PCR court denied Petitioner's PCR and motion to compel.[1] ECF No. 7-17. On July 20, 2015, Petitioner appealed the denial of his PCR to the Appellate Division. ECF No. 7-18 at 2. The Appellate Division affirmed the denial of Petitioner's PCR on December 8, 2017. ECF No. 7-19 at 19-20.

On December 8, 2017, Petitioner filed a Notice of Petition for Certification with the New Jersey Supreme Court. ECF No. 7-20 at 2. The New Jersey Supreme Court denied Petitioner's petition for certification on May 4, 2018. ECF No. 7-21. Petitioner submitted the present habeas petition on December 12, 2018. ECF No. 1-2 at 2.

## II. STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994).

---

[1] Petitioner also filed a motion to compel the production of DNA evidence for testing which was also denied.

3

"A petition must specify all the grounds for relief and set forth facts supporting each of the grounds thus specified." McArthur v. State, No. 05-5745, 2006 WL 1044991, at *1 (D.N.J. Apr. 17, 2006). A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243.

Thus "[f]ederal courts . . . [may] dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856. More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits...that the petitioner is not entitled to relief." Lonchar v. Thomas, 517 U.S. 314, 320 (1996) (quoting Habeas Corpus Rule 4).

### III. DISCUSSION

**A. Statutory Tolling**

As mentioned above, Respondents contend that the instant petition is untimely. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a "[one]-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

4

28 U.S.C. § 2244 (d)(1). That limitation period begins to run when the criminal judgment becomes "final".[2] A state court criminal judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); see also 28 U.S.C. § 2244(d)(1)(A).

The filing of a post-conviction relief petition may statutorily toll (suspend) the running of the one-year habeas limitations period. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the

---

[2] The limitation period shall run from the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due intelligence.

28 U.S.C. § 2244(d)(1). There is no indication that any subsection other than (A) is applicable here.

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). A prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 85 (3d Cir. 2013) (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)).

As discussed above, Petitioner was resentenced on November 12, 2009. His conviction became final 45 days after his resentencing, the amount of time allowed to file an appeal with the Superior Court of New Jersey, Appellate Division. Thus, Petitioner's judgment became final on December 27, 2009. Petitioner filed for PCR on January 27, 2010, resulting in 31 days of untolled time.

The PCR court denied Petitioner's petition on May 9, 2011, thereafter, Petitioner had 45 days or until June 23, 2011, to appeal the decision of the PCR Court. Petitioner did not file an appeal until January 5, 2012, resulting in 193 days of untolled time. While his appeal of the denial of the PCR was pending in the Appellate Division, the remainder of Petitioner's time to file a habeas petition was tolled.

On June 10, 2014, the Appellate Division reversed and remanded the PCR court's denial of Petitioner's PCR.

6

Petitioner's PCR was represented along with a Motion to Compel Post Conviction DNA testing and on April 29, 2015, the PCR court again denied the PCR, as well as the Motion to Compel. Petitioner had 45 days from the denial of his PCR, or until June 15, 2015[3] to file a timely Notice of Appeal in the Superior Court of New Jersey, Appellate Division. However, Petitioner did not file a Notice of Appeal until July 20, 2015, resulting in 35 days of untolled time. While the appeal of his second denial of his PCR was pending in the Appellate Division, Petitioner's time to file a habeas petition was tolled.

After filing his July 20, 2015 appeal, Petitioner's motion was denied on December 5, 2017. On December 8, 2017, Petitioner applied for Notice of Certification to the New Jersey Supreme Court. This notice was denied on May 4, 2018. By this time, as set forth above, Petitioner had accumulated 261 days of untolled time, leaving him 104 days to file a timely petition. Therefore, Petitioner had until August 20, 2018, to file a timely habeas petition to this court; however, Petitioner did

---

[3] 45 days after April 30, 2015 is Saturday, June 13, 2015; however pursuant to Federal Rule of Civil Procedure 6(a)(1)(C):

> "include the last day of the [tolling] period, but if the last day is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." In this case, that would be June 15, 2015.

Id.

7

not file his habeas petition until December 10, 2018, resulting in 219 days of additional untolled time. Based on the above calculations, Petitioner accumulated a total of 480 days of untolled time. Accordingly, Petitioner exceeded the AEDPA's one-year statute of limitations.

**B. Equitable Tolling**

If a petitioner can demonstrate extraordinary circumstances to warrant "equitable tolling," then a court may relax the one-year limitations period. Jenkins, 705 F.3d at 84-85. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Jenkins, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case". Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." Ross v. Varano, 712 F.3d 784, 799 (3d Cir. 2013) (citing Pabon, 654 F.3d at 399). For equitable tolling to apply, the Third Circuit requires a showing of reasonable diligence:

> [t]his obligation does not pertain solely to
> the filing of the federal habeas petition,
> rather it is an obligation that exists
> during the period appellant is exhausting
> state court remedies as well . . . The fact
> that a petitioner is proceeding pro se does
> not insulate him from the 'reasonable
> diligence' inquiry and his lack of legal
> knowledge or legal training does not alone
> justify equitable tolling.

Id. at 799-800 (quoting LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (citing Brown v. Shannon, 322 F.3d 768, 744 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)).

A court may find extraordinary circumstances where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

In the instant case, Petitioner states that "the Office of the Public Defender failed to file the [P]ost [C]onviction [Notice of Appeal] in a timely manner, despite Petitioners letter request that they do so." ECF No. 11 at 5. In regard to Petitioner's first appeal from the PCR court, Petitioner had 45 days to file a timely appeal, or until June 23, 2011; however, a Notice of Appeal was not filed on his behalf until January 5,

2012.  ECF No. 7-14 at 1.  The Notice of Appeal filed by the

Office of the Public Defender reads in part:

> Our file indicates that the [Petitioner] timely requested an appeal by Attorney transmittal [] on June 7, 2011.  Since the [Petitioner] herein timely requested an appeal, and the reason for delay in filing same is not his fault, it is most respectfully requested that the accompanying prepared Notice of Appeal be filed, as within time.

Id. at 3.

Given that Petitioner sought counsel from the Office of the Public Defender, who was representing him at this time, for a Notice of Appeal to be filed on his behalf, this Court finds good reason to grant equitable tolling in this matter.  "[T]his Court agrees that the overwhelming caseload and lack of resources of the New Jersey [Office of Public Defender], recognized by the PCR Courts when they accept late filings on this basis, is an extraordinary circumstance that may prevent a prisoner from timely filing a PCR petition."  Harris v. Nogan, No. 17-259, 2017 WL 5725054, at *5 (D.N.J. Nov. 28, 2017). Petitioner timely notified the Office of the Public Defender of his desire to appeal.  Had the Office of the Public Defender filed a Notice of Appeal and requested an extension, Petitioner's statute of limitations would not have exceeded the its one year limit.

Therefore, the period of time by which the statute of limitations defense is measured is decreased by 193 days between June 23, 2011, and January 5, 2012, when petitioner requested that his Notice of Appeal be filed on June 7, 2011.  Accounting for those 193 days, petitioner retains 2 of his 365 days remaining prior to the submission of his habeas petition.  The Petition is timely filed.

### V. Conclusion

For the foregoing reasons discussed above, the motion to dismiss is denied.  Respondents will be ordered to answer the petition.

An appropriate Order follows.

Dated: April 14, 2020

At Camden, New Jersey    \_\_s/ Noel L. Hillman\_   \_\_\_
                          NOEL L. HILLMAN, U.S.D.J.